No. 15,076.

Milliken *v.* Clear Creek Corporation.
(125 P. [2d] 143)

Decided April 13, 1942.   Rehearing denied May 4, 1942.

Mr. L. Bernard Davis, for plaintiff in error.

Mr. Arthur Aldrich, Mr. Clement R. Hackethal, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear in the same order as in the trial court and are hereinafter so referred to, or as Milliken and the company, respectively.

Milliken brought suit against the company in justice court to recover $200 due him, as alleged, for services as mill superintendent for the month of March, 1941. He had judgment and the company appealed. On trial

in the county court Milliken, not an attorney, appeared pro se and judgment was for the company. On his motion Milliken was granted a new trial, principally, as appears, on the ground that, being unfamiliar with legal procedure, he had failed to preserve such record as would support a review here. On the second trial the company again had judgment, to review which this writ is prosecuted, and we are asked to make it a supersedeas. In both county court trials a jury was waived. The only possible basis for reversal disclosed by the record, and the only one properly covered by the assignments, is that the judgment is unsupported by the evidence.

■ Plaintiff was promoted to mill superintendent at a salary of $200 per month in the spring of 1940. The operation of the mill was limited to treatment by the company of ore from its own mine. In February, 1941, the ore ran out and the mill closed down. It started again April 1, following, treating "custom ore" with plaintiff as superintendent at his old salary. It is admitted that his employment, before March 1, and after April 1, was on a month to month basis. One Richman was vice president of the company, and its representative in dealing with plaintiff. When it appeared the ore was running out Milliken discussed with Richman the feasibility of continuing mill operations for the purpose of treating custom ore. Plaintiff says, "It was agreed that I go out and sample some dumps and get his (Richman's) approval as to whether we would run this ore." Richman testifies that he said it would be all right "if we can make some money out of it, but before that, before we did that, we wanted to be sure it had values, and you will have to show me it has values." Plaintiff further testified, in answer to a question as to whether he was told the latter part of February that he was no longer in the company's employ, "They notified me in this way, that they would have no more ore from the mine, they were going to shut down the mine." Further

that Richman said, "As soon as he got some money why, he would give me money for the month of March." Through plaintiff's solicitation the company secured 1500 tons of custom ore, on which no profit was made. The only reasonable conclusion from the record is that this ore was milled at a loss. Richman, when asked what would have happened had this operation been profitable, said "I thought I would be good enough to pay him if we were going to make some money out of it * * * if I made enough money out of the work he brought in." Plaintiff says he "considered himself still in the employ of the Clear Creek Corporation during the month of March." Richman testifies, and it is not contradicted, that on February 28 he said to plaintiff, "This looks like the end. I am sorry we cannot go on, but we have not got any more ore," and I asked him then if he would take another job with us during the cessation, and he replied that he would if there was no other ore to run through the mill.

It thus appears that plaintiff was a mill superintendent at $200 per month employed from month to month, operating a mill to treat the company's ore; that the ore ran out and the mill closed down; that it was thoroughly understood between him and Richman that his employment at that salary and in that capacity was terminated; that there was no employment, express or implied, in any other capacity or at any other salary; that plaintiff was anxious to renew his employment; that it was understood it would be renewed if he could find paying custom ore to mill; that for that purpose he devoted the month of March to the search and persuaded the company to reopen on what he found; that his efforts were unavailing because the ore failed to meet the conditions imposed; that during the month of March he was not employed as a mill superintendent; that during that time he was in no way directed or controlled in his activities by the company but was on his own; that his investment of time during that month was

a mere speculation on his part in an effort to regain his permanent position; that a trial demonstrated his failure; that the company gave him the benefit of the doubt and renewed his employment and compensation from April 1, when the mill reopened, until the ore he produced had been milled and the failure demonstrated; and that, had he produced no ore during the month of March he would not, even under his own theory, have been in the company's employ or entitled to compensation from it; and finally, even if disputed facts on conflicting evidence can be spelled out of this record, under the universal rule, reversal here is impossible.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE JACKSON, and MR. JUSTICE KNOUS concur.